**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

MITZI L. POOLE,                     )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )          Case No. CR-11-1254-R
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security     )
Administration,                     )
                                    )
                    Defendant.      )

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final

decision of the Commissioner of the Social Security Administration denying her applications for

disability insurance benefits and supplemental security income benefits under the Social Security

Act.  Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the matter was referred to United States Magistrate

Judge Shon T. Erwin for preliminary review.  On October 31, 2012, Judge Erwen issued a Report

and Recommendation wherein he recommended that the decision of the Commissioner be affirmed.

The matter is currently before the Court on Plaintiff's timely objection to the Report and

Recommendation.

Plaintiff raises a single objection to the Report and Recommendation.  She argues that the

Magistrate Judge erred in concluding that any error by the administrative law judge with regard to

assessment of Plaintiff's mental impairments, as a result of his failure to conduct certain analysis,

was remedied by the decision of the Appeals Council.  On appeal from the decision of the

administrative law judge, which concluded at step five that Plaintiff was not disabled, the Appeals

Council adopted the administrative law judge's findings, but noted:

> the Administrative Law Judge did not evaluate the claimant's mental impairment in accordance with the special technique described in 20 C.F.R. § 404.1520a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. § 404.1520a(c). The hearing decision indicates, Finding 3, that the claimant's depression is not severe. This finding is consistent with the longitudinal record, including the opinion of Janice Smith, Ph.D. (Exhibit 10F) and the lack of mental health treatment. Accordingly, the Appeals Council adopts this finding.
>
> In terms of the claimant's functional areas, the Appeals Council makes the following findings:
>
> In activities of daily living the claimant experiences mild limitations. She is able to prepare meals, complete housework, drive, shop and play with her dog.
>
> In social functioning, the claimant experiences no limitations. There is no evidence [she] experiences problems interacting with others.
>
> In concentration, persistence or pace, the claimant experiences mild limitations, primarily due to the effects of chronic pain. However, she manages financial accounts, watches television and works on her computer. There is no evidence of a deterioration of the claimant's mental status.
>
> The claimant has not experienced episodes of decompensation of extended duration.

Administrative Record, pp. 4-5. This information was taken from the PRT completed by an non-examining agency doctor, and Plaintiff complains that the information was derived from a simple checklist.

Judge Erwin concluded that the PRT was adequate to provide substantial evidence to support the Commissioner's decision, as expressed by the Appeals Council, in part because it was not merely a check-list. Janice Smith, Ph.D. included an explanation for the conclusions set forth above as adopted by the Appeals Council.

> Claimant was contacted about her mental problems and reports her [primary care physician] Dr. Spencer treatment's mental- depression/anxiety - he is regular [treating physician]- he rx's all meds. He rx'd Xanax. She never had mental txmt - or hospitalization. Dr. thinks mental is related to pain due to back. She reports she gets a little down from time to time. She said she used to be an active person, now the pain limits her, so she gets a little depression about that. It appears what she describes is a mild adjustment [disorder] at best.

Administrative Record, p. 370.

Plaintiff contends that the Report and Recommendation "opens the door to new unresolved issues that necessarily mandate remand back to the SSA for further inquiry and processing of these issues." Objection, p. 2. This argument is premised on Judge Erwin's conclusion that "Dr. Smith reportedly contacted Plaintiff," asserting that she is unable to confirm any such contact from the record. There is, however, nothing in the record that renders Dr. Smith's statement regarding contact unreliable or untrustworthy. Even accepting that Plaintiff does not currently have a telephone, as asserted by counsel, does not render incredible the assertion by Dr. Smith that she contacted Plaintiff in 2009. Such contact is consistent with the fact that Plaintiff listed a telephone number on her applications for benefits filed only months before Dr. Smith completed the PRT.

Although Judge Erwin noted that Dr. Smith apparently contacted Plaintiff, this does not support her contention that the "contact or no contact" issue requires, as a matter of fundamental fairness, that this case be remanded to permit cross-examination of Dr. Smith with regard to her findings. The record in this case has not changed since the outset and Plaintiff had access to the PRT completed by Dr. Smith, including the notation regarding contact. Additionally, the alleged contact between Plaintiff and Dr. Smith was not the sole basis for Judge Erwin's recommendation. The statement in the record that Plaintiff was contacted is not a new issue sufficient to warrant remand of this matter.[1]

---

[1] The Court notes that at the hearing before the administrative law judge there was no testimony elicited from Plaintiff by her non-attorney representative regarding her alleged mental impairments.

Plaintiff further objects on the basis that the PRT does not contained an actual signature, a violation of the Hearings, Appeals and Litigation Law manual, which prohibits the Commissioner from relying on the assessment to deny her applications for benefits. Plaintiff's arguments in this regard were not raised before the Magistrate Judge and therefore, have been waived. *Marshall v. Chater*, 75 F.3d 1421 (10th Cir. 1996).

The Appeals Council's decision in this case is the final agency decision for purposes of judicial review. *Fiero v. Bowen*, 798 F.2d 1351, 1353-54 (10th Cir. 1986). The question is whether this decision, which incorporated the decision of the administrative law judge and supplemented it, as set forth above, is supported by substantial evidence with regard to Plaintiff's mental impairment, and whether the assessment thereof comported with the requirements of 20 C.F.R. § 404.1520a and § 416.920a. Plaintiff argues the complained-of error occurred at step five of the sequential analysis, a step at which the Commissioner bears the burden of proof. Although ultimately this case was decided at step five, the issue regarding Plaintiff's mental impairment and its impact on her ability to work was first considered at step two, when Plaintiff bore the burden of presenting evidence of severe impairments. The Commissioner determined her impairments were not severe and the consideration of the impairment was again undertaken at step four, in assessing how Plaintiff's impairments, both severe and non-severe affected her residual functional capacity, that is her ability to perform work-related activities. At step four, the burden was again on Plaintiff. The findings with regard to the severity of Plaintiff's mental impairment and her residual functional capacity come into play at step five, but Plaintiff's argument that the Commissioner bore the burden with regard to her mental impairment because this was a step five decision is not correct. The Commissioner had the burden to identify jobs Plaintiff could perform consistent with her residual functional capacity, which is itself a step four assessment. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir.1996)(the administrative law judge should assess residual functional capacity once, at step four). Regardless, the Court concurs with Judge Erwin that Plaintiff has failed to establish that the Commissioner erred with regard to the consideration of her mental impairment.

4

In *Barrett v. Astrue*, 340 Fed.Appx. 481 (10th Cir. Aug. 6, 2009), the court noted, "to the extent that [plaintiff] contends that the [administrative law judge] could not rely *at all* on a PRT assessment by a non-examining physician in making his finding regarding the severity of claimant's mental impairment, we again disagree.  Contrary to claimant's assertion, [the non-treating physician] did provide a rationale for her findings.  In her assessment she made reference to [plaintiff's] diagnosis with depression by his PCP, his treatment with an anti-depressant, and his report that his condition had improved with medication.  Nor is this a case where the [administrative law judge] rejected the opinion of claimant's treating physician in favor of the conclusions of a non-examining doctor, because claimant's PCP offered no opinion on the severity of his depression." *Id.* at *3.  In this case, there are no treatment records from any provider other than Plaintiff's primary care physician.  The notes do not indicate or opine in any manner regarding the extent of Plaintiff's depression.  Unlike *Frey v. Bowen*, 816 F.2d 5-08 (10th Cir. 1987), where the administrative law judge accepted the findings of the non-examining physician over a those of a treating physician, in this case there was no treating physician opinion to counter the non-examining doctor's opinion.  But for the fact that in this case the Appeals Council rendered the decision based on the PRT of a non-examining physician, there are no significant differences between *Barrett* and this case, and the Court finds the outcome in *Barrett* applicable to this case.  *See also Flaherty v. Astrue,* 515 F.3d 1067, 1071 (10th Cir. 2007)("The non-examining physician's opinion is an acceptable medical source, which the [administrative law judge] was entitled to consider."); 20 C.F.R. §§ 404.1527(c); 416.927(c).  Again, the PRT is consistent with the records and notes in this case regarding the limited treatment Plaintiff received for her mental impairment, specifically prescription from her primary care physician.  The Appeals Council decision, as set forth above, indicates that it

considered the opinion in the appropriate manner and it noted the link between the opinion of the consultative examiner to the other evidence in the record, and its findings with regard to the impact of Plaintiff's mental impairment on her ability to work is supported by substantial evidence.

For the reasons set forth herein, the Report and Recommendation is hereby ADOPTED and the decision of the Commissioner is hereby AFFIRMED.  To the extent Plaintiff raised any issues in objection to the Report and Recommendation that were not raised before the Magistrate Judge, those issues are deemed waived.

IT IS SO ORDERED this 30th day of November, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE